# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHEILA V. PRICE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT - CLASS ACTION (JURY TRIAL DEMANDED)** |

Plaintiff Sheila Price ("Plaintiff"), by and through her attorneys, on behalf of herself and the Classes set forth below, brings the following Class Action Complaint against First Advantage Background Services Corp. ("First Advantage" or "Defendant").

## INTRODUCTION

1. Recognizing that the content of consumer reports can have a significant impact on people's lives, Congress has chosen to regulate the procurement, use, and content of those reports through the FCRA.

2. Plaintiff seeks to hold Defendant accountable for its willful and systemic violations of the FCRA.

3. Defendant has willfully violated the FCRA by falsely accusing Plaintiff of using a Social Security Number that belongs to someone else. This misreporting led to lost job opportunities.

4. Defendant has also willfully violated the FCRA by failing to fully comply with Plaintiff's valid request for her full file. Because Defendant has not disclosed the sources of the information in Plaintiff's file, Plaintiff has been unable to correct Defendant's false accusation that Plaintiff is using a Social Security Number that belongs to someone else.

5. Further, Defendant has failed to correct Plaintiff's report after she disputed it and failed to disclose its reinvestigation procedures upon Plaintiff's request, despite being required by law to do so.

## THE PARTIES

6. Plaintiff Sheila Price is an individual person and a resident of Calumet City, Illinois.

7. Defendant First Advantage is a consumer reporting agency headquartered in Alpharetta, Georgia.

8. Defendant is a consumer reporting agency as defined by the FCRA.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

10. Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over this matter, as it presents a federal question.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Defendant resides and is headquartered in this District, and the plurality of documents and witnesses in this matter will be located in this District.

## STATUTORY BACKGROUND

12. Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for employment or housing. Second, despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

13. While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports. 15 U.S.C. § 1681.

14. 15 U.S.C. § 1681e(b) requires consumer reporting agencies to follow reasonable procedures to ensure the maximum possible accuracy of the information they report. As discussed below, Defendant routinely violates the FCRA by failing to follow reasonable procedures to ensure the maximum possible accuracy of the information it reports.

15. 15 U.S.C. § 1681g requires consumer reporting agencies to provide consumers with a copy of their files on request. 15 U.S.C. § 1681g(a)(2) requires

consumer reporting agencies to identify the sources of the information in the consumer's file.

16.     15 U.S.C. § 1681i(a)(7) requires consumer reporting agencies to provide consumers with a copy of the procedures they use to reinvestigate items of disputed accuracy on their reports.

## ALLEGATIONS RELATING TO PLAINTIFF

17.     In April 2016, Plaintiff applied for employment with non-party Arise Virtual Solutions, Inc. ("Arise").  As part of that application, Arise purchased a consumer report about Plaintiff from Defendant.  (*See* Ex. A, pp. 15-19.)

18.     The report Defendant produced stated that Plaintiff was "ineligible" for employment with Arise.  (*Id.*)

19.     The report that Defendant provided to Arise had three main substantive sections: a "Social Security Number Validation," a "Social Security Verification," and a criminal records check.  (*Id.*)

20.     Two of those sections were correct, and contained no red flags regarding Plaintiff.  The report correctly indicated that Plaintiff has no criminal record, and the "Social Security Number Validation" section correctly indicated that Plaintiff's Social Security Number was valid (meaning it is a number that was issued by the Social Security Administration), and is not associated with someone who is deceased.  (*Id.*)

21. The "Social Security Verification" section, however, was flawed. Specifically, in that section, Defendant incorrectly concluded that there was a "HIGH PROBABILITY SOCIAL SECURITY NUMBER PROVIDED BELONGS TO ANOTHER CONSUMER," and therefore deemed her "Ineligible" to work for Arise. (*Id*.)

22. Defendant's reporting was inaccurate. The Social Security Number ("SSN") Plaintiff provided was her own.

23. Defendant's inaccurate reporting caused Plaintiff's employment application to Arise to be unsuccessful, causing loss of income and emotional distress.

24. Plaintiff has attempted to apply to multiple positions with Arise, and each time her application has been thwarted by Defendant's misreporting.

25. Defendant's labeling of consumers as having a "high probability" of using someone else's SSN is antithetical to the FCRA's mandate of maximum possible accuracy. Whether a person is using their own SSN or not is a binary factual question. An accurate answer to that question can never be supplied by a probability.

26. Further, before labeling consumers as having a "high probability" of using someone else's SSN, Defendant does not utilize reasonable procedures to

investigate this conclusion. For example, Defendant does not reach out to the consumer to seek additional proof of identity.

27. At the time of the report, Plaintiff had no fraud alerts or other indicia of fraud on her report.

28. Defendant appears to attempt to verify SSNs based on a comparison between the subject's birthday and records indicating when and where SSNs were issued.

29. For SSNs issued prior to 2011, the first three digits of the number (often called the Area Number) indicated the geographic area in which the number was issued, and the following two digits (often called the Group Number) can be compared with historical charts to determine when the number was issued.[1]

30. Comparing where and when a SSN was issued with a person's date of birth, however, is not an acceptable method in determining whether that individual is using their own SSN. Not everyone obtains a SSN at birth; some people go years before obtaining one.

31. Defendant's unreliable method of evaluating SSNs has affected individuals other than Plaintiff. At least one other suit has been brought alleging that Defendant incorrectly determined that an individual was likely not using their

---

[1] *See* https://www.ssa.gov/history/ssn/geocard.html, last accessed August 30, 2017.

own SSN. *Grimm v. First Advantage Background Services Corp.*, No. 1:17-cv-01967 (D. Md.).

32. Attempting to determine why Defendant had falsely informed her potential employer that she was using someone else's SSN, Plaintiff, through counsel, submitted to Defendant a request for her file, pursuant to 15 U.S.C. § 1681g. (Ex. B.)

33. Defendant responded in correspondence dated February 9, 2017. (Ex. A.) Defendant's response attaches a number of reports that it has created regarding Plaintiff, but fails to identify any of its sources, as required by §1681g(a)(2). Rather, the reports state that the Social Security Verification is based on review of "consumer credit files contained in the databases of nationwide credit reporting agencies," without specifying which agencies were consulted. This left Plaintiff in the dark about where Defendant had received its erroneous information, and unable to correct the misinformation at the source.

34. Notably, despite Defendant's alleged concern that Plaintiff was involved in some sort of identity theft, it still responded to Plaintiff's §1681g request by sending her a copy of her file, indicating that Defendant's concerns about identity theft were not genuine.

35. Defendant, as a matter of policy and practice, does not disclose its sources in response to §1681g requests.

36. On May 19, 2017, Plaintiff sent Defendant a letter disputing the results of her background check. (Ex. C.) This letter made clear that Plaintiff's SSN belongs to her, and enclosed a copy of her Social Security card. (*Id.*)

37. In response to Plaintiff's dispute, Defendant failed to correct Plaintiff's report. In its responsive letter, Defendant indicated that it had "completed [a] reinvestigation of the disputed information and [had] verified that the original information provided on the background report was reported accurately. Therefore, no change has been made to the background report." (Ex. D.)

38. Defendant clearly failed to complete a meaningful reinvestigation of the information disputed by Plaintiff, as required by 15 U.S.C. § 1681i(a). Plaintiff's letter spelled out precisely what the inaccuracy in her report was, and included all relevant documentation. Defendant, despite receiving this information, failed to correct its own error.

39. After a dispute and reinvestigation, a consumer has the right to request a copy of the procedures used to reinvestigate the disputed information. 15 U.S.C. § 1681i(a)(7). Plaintiff made such a request by letter on July 7, 2017. (Ex. E.)

40. Defendant failed to respond to Plaintiff's request for reinvestigation procedures.

41. Defendant, as a matter of policy and practice, does not respond to requests for reinvestigation procedures.

## CLASS ALLEGATIONS

42. Plaintiff asserts her claims on behalf of the Classes defined below:

   ***The Social Security Number Class:*** All natural persons who, at any time from the date two years prior to the filing of this Complaint and continuing through the resolution of this case, were the subject of a report issued by Defendant which concluded that there was a "HIGH PROBABILITY SOCIAL SECURITY NUMBER PROVIDED BELONGS TO ANOTHER CONSUMER".

   ***The Disputes Sub-Class:*** All members of the Social Security Number Class who filed a dispute with Defendant.

   ***The Reinvestigation Procedures Class:*** All natural persons who, at any time from the date two years prior to the filing of this Complaint and continuing through the resolution of this case, sent Defendant a request for their reinvestigation procedures pursuant to 15 U.S.C. § 1681i(a)(7).

43. <u>Numerosity</u>: The Classes are so numerous that joinder of all class members is impracticable. Defendant produces reports nationwide, and thousands of consumers have requested their files from Defendant.

44. <u>Typicality</u>: Plaintiff's claims are typical of the class members' claims. Defendant treated Plaintiff in the same manner as other class members.

45. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Classes, and has retained counsel experienced in complex class action litigation.

46. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Classes and predominate over any questions solely affecting individual members of the Classes.  These common questions include:

   a. Whether Defendant violated the FCRA by inaccurately reporting that individuals were using SSNs that did not belong to them;

   b. Whether Defendant violated the FCRA by failing to properly respond to §1681g requests;

   c. Whether Defendant violated the FCRA by failing to properly respond to disputes;

   d. Whether Defendant violated the FCRA by failing to properly respond to requests for reinvestigation procedures;

   e. Whether Defendant's violation was willful;

   f. Whether Defendant is a consumer reporting agency and subject to the requirements of the FCRA;

   g. The proper measure of statutory and punitive damages; and

   h. The proper form of declaratory relief.

47. Class certification is appropriate under Fed. R. Civ. P. 23 because questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

## COUNT I
### 15 U.S.C. § 1681e(b)
*Failure to Follow Reasonable Procedures*
*On Behalf of Plaintiff, the Social Security Number Class, and the Disputes Sub-Class*

48. Plaintiff incorporates the paragraphs above.

49. Defendant failed to comply with 15 U.S.C. § 1681e(b) by failing to maintain reasonable procedures to avoid reporting false information regarding SSNs.

50. The foregoing violations were negligent.

51. The foregoing violations were willful.

52. Defendant acted in negligent, deliberate and reckless disregard of its obligations and the rights of Plaintiff and class members under 15 U.S.C. § 1681e(b). Defendant's negligent and willful conduct is reflected by Paragraphs 17-41 above and, *inter alia*, the following:

   a. Defendant takes no action to determine if the information it is reporting regarding SSNs is accurate, and has not established any reliable procedures to investigate SSNs;

   b. Defendant appears to acknowledge that its reporting regarding SSNs is not to be relied upon. Rather than stating facts, it states that there is a high probability that an individual is not using their own SSN;

   c. Defendant's apparent method of comparing SSN issue dates and locations with birth information fails to take into account individuals who did not obtain a SSN at birth;

   d. The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant;

   e. Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

   f. Defendant knew or had reason to know that Defendant's conduct violated the FCRA; and

      g. By failing to adopt reasonable procedures, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

53.    Plaintiff, the Social Security Number Class, and Disputes Sub-Class are entitled to actual damages, and statutory damages of not less than $100 and not more than $1,000 per violation.  Plaintiff is also entitled to punitive damages and to recover costs and attorneys' fees.

## COUNT II
### 15 U.S.C. § 1681g
### *Failure to Provide File Disclosure*
### *On Behalf of Plaintiff Individually*

54.    Plaintiff incorporates the paragraphs above.

55.    Defendant failed to produce Plaintiff's full file, despite Plaintiff's valid request pursuant to 15 U.S.C. § 1681g.  Specifically, Defendant failed to identify the sources of the information in the report, in violation of 15 U.S.C. § 1681g(a)(2).

56.    Defendant acted in negligent, deliberate and reckless disregard of its obligations and the rights of Plaintiff under 15 U.S.C. § 1681g.  Defendant's negligent and willful conduct is reflected by Paragraphs 17-41 above and, *inter alia*, the following:

      a. Section 1681g is very simple – Defendant must provide a copy of the files it has on consumers upon request, and identify the sources of information.  Defendant's failure to identify its sources is inexplicable;

b. The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant;

c. Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute, which explicitly requires the disclosures of sources;

d. Defendant knew that the FRCA requires disclosure of sources, and chose not to do so; and

e. By failing to disclose its sources, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

57. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1,000 for this violation. Plaintiff is also entitled to punitive damages and to recover costs and attorneys' fees.

## COUNT III
## 15 U.S.C. § 1681i(a)(7)
### *Failure to Disclose Procedures*
### *On Behalf of Plaintiff and the Reinvestigation Procedures Class*

58. Plaintiff incorporates the paragraphs above.

59. Defendant failed to comply with 15 U.S.C. § 1681i(a)(7) by failing to disclose its reinvestigation procedures upon valid written request. The foregoing violations were negligent.

60. The foregoing violations were willful.

61. Defendant acted in negligent, deliberate and reckless disregard of its obligations and the rights of Plaintiff and class members under 15 U.S.C. §

1681i(a)(7). Defendant's negligent and willful conduct is reflected by Paragraphs 17-41 above and, *inter alia*, the following:

    a. Defendant simply fails to respond to requests for reinvestigation procedures, which it is required by law to provide;

    b. The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant;

    c. Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

    d. Defendant knew or had reason to know that Defendant's conduct violated the FCRA;

    e. Defendant knows that its reinvestigation procedures are inadequate, and chooses not to disclose them to avoid exposing their inadequacy;

    f. By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

62. Plaintiff and the Reinvestigation Procedures Class are entitled to actual damages, and statutory damages of not less than $100 and not more than $1,000 per violation. Plaintiff and the Reinvestigation Procedures Class are also entitled to punitive damages and to recover costs and attorneys' fees.

## **PRAYER FOR RELIEF**

63. WHEREFORE, Plaintiff, on behalf of herself and the Classes, prays for relief as follows:

a. Determining that this action may proceed as a class action under Fed. R. Civ. P. 23;

b. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Classes;

c. Issuing proper notice to the Classes at Defendant's expense;

d. Declaring that Defendant violated the FCRA;

e. Declaring that Defendant acted willfully, in knowing or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

f. Awarding actual, statutory and punitive damages as provided by the FCRA;

g. Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

64. Plaintiff and the Classes demand a trial by jury.

Respectfully submitted,

Dated: September 6, 2017

/s/E. Michelle Drake
BERGER & MONTAGUE, P.C.
E. Michelle Drake, SBN 229202

Joseph C. Hashmall
(*pro hac vice* forthcoming)
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Telephone:  (612) 594-5999
Facsimile:  (612) 584-4470
emdrake@bm.net
jhashmall@bm.net

Gary B. Andrews, Jr., SBN 019375
Blake Andrews Law Firm, LLC
1831 Timothy Dr.
Atlanta, GA 30329
Telephone: (770) 828-6225
blake@blakeandrewslaw.com

*Attorneys for Plaintiff*